UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY C. OCKLETREE, individually,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCISCAN HEALTH SYSTEM, a Washington corporation, d/b/a ST. JOSEPH HOSPITAL; and JOHN and JANE DOE(S) (1-10),<br><br>Defendants. | NO. 11-05836 RBL<br><br>AMENDED COMPLAINT<br><br>JURY DEMAND REQUESTED |

Plaintiff, Larry C. Ockletree, by and through his attorneys of record, Dwayne L. Christopher and James W. Beck and Stephanie Bloomfield of Gordon, Thomas, Honeywell, LLP alleges as follows:

## I. JURISDICTION

1.1 This matter was removed from Pierce County Superior Court Cause No. 11-2-13029-6 by the Defendants, on the basis of a federal question, to the United States District Court for the Western District of Washington at Tacoma on October 11, 2011.

1.2 This court has jurisdiction over Plaintiff's claims based on federal law (42 U.S.C. §1981, 42 U.S.C. § 2000e et seq, and 42 U.S.C. § 12101 et seq.) under 28 U.S.C.

AMENDED COMPLAINT - 1 of 9
(11-05836 RBL)
[100035902.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

§ 1331, and has supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367

## II. PARTIES

2.1  Plaintiff resides in Tacoma, Washington.

2.2  Defendant Franciscan Health System d/b/a St. Joseph Hospital is a Washington corporation doing business in Pierce County, Washington.  St. Joseph Hospital is plaintiff's former employer.

2.3  Defendant(s) John and Jane Does (1-10) are yet to be identified managers, supervisors, employees, agents and/or assigns of defendant Franciscan Health System.

## III. STATEMENT OF FACTS

3.1  This claim arises as a result of the wrongful, tortious, and discriminatory acts and/or omissions committed against the Plaintiff by Defendant(s) due to or substantially due to Plaintiff's disability and/or race.

3.2  Plaintiff is a disabled African American male, a former law enforcement officer, and a former employee of St. Joseph Hospital.

3.3  Plaintiff began his employment with St. Joseph Hospital as a contract security officer.

3.4  Plaintiff provided St. Joseph Hospital with excellent job performance for years and throughout his tenure as a contract security officer, receiving numerous awards and commendations for his service to the organization.

3.5  In December 2009, St. Joseph Hospital converted Plaintiff's security officer position from a contract position to a permanent in-house position and hired Plaintiff as a St. Joseph Hospital employee.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

3.6    Plaintiff performed his job duties with excellence throughout his employment with St. Joseph Hospital.

3.7    On March 9, 2010, Plaintiff suffered an on-the-job stroke requiring him to be hospitalized.

3.8    Plaintiff's stroke resulted in permanent disability to his left arm and limited use of his left arm and hand.

3.9    Plaintiff was released to return to work by his doctor on or about April 23, 2010.

3.10   Despite his disabled left arm and hand, Plaintiff was capable of performing his job duties as a security officer that he was assigned at the time of his stroke as well as the duties of various other security guard positions with or without reasonable accommodations.

3.11   On or about April 23, 2010, Plaintiff presented to St. Joseph Hospital with a doctor's note releasing him to return to work.

3.12   On or about April 23, 2010, Plaintiff requested that St. Joseph Hospital permit him to return to work.

3.13   St. Joseph Hospital refused to allow Plaintiff to return to work despite the fact that Plaintiff was capable of performing his job duties with or without reasonable accommodations.

3.14   Plaintiff requested that St. Joseph Hospital make reasonable accommodations for his disability and St. Joseph Hospital refused.

3.15   St. Joseph Hospital told Plaintiff that if it made reasonable accommodations for him, it would be required to make accommodations for all employees.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

3.16     St. Joseph Hospital has made reasonable accommodations for disabled non-African American employees.

3.17     St. Joseph Hospital filled open positions that Plaintiff was qualified to fill with or without reasonable accommodations during the time Plaintiff was out on non-paid medical leave and failed to offer said positions to Plaintiff prior to terminating his employment.

3.18     St. Joseph Hospital filled open positions that Plaintiff was qualified to fill with non-disabled individuals during the time St. Joseph Hospital refused to allow Plaintiff to return to work.

3.19     St. Joseph Hospital filled open positions that Plaintiff was qualified to fill within non-African American individuals during the time St. Joseph Hospital refused to allow Plaintiff to return to work.

3.20     St. Joseph Hospital failed to promote Plaintiff to positions within its organization in favor of less qualified non-African American and/or non-disabled individuals.

3.21     St. Joseph Hospital unlawfully and wrongfully terminated Plaintiff's employment on or about September 10, 2010.

3.22     Plaintiff timely filed a charge of discrimination with the EEOC and received a right to sue letter and filed his initial complaint within the requisite time period.

3.23     Defendants' unlawful and wrongful conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights, and was the proximate cause of injury and damage to Plaintiff, including substantial economic and non-economic damages.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

## IV. FIRST CAUSE OF ACTION
### Violation of the Americans with Disabilities Act

4.1 Defendants violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., by terminating his employment based upon his disability, and failing to provide accommodation for his disability causing damages to Plaintiff.

4.2 Defendants are liable for all resulting damages sustained by Plaintiff as allowed by law, including but not limited to, past and future wage loss, other economic damages, emotional distress and other non-economic damages, and punitive damages.

## V. SECOND CAUSE OF ACTION
### Violation of the Title VII of the Civil Rights Act of 1964

5.1 Defendants violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et seq., by terminating his employment and refusing to provide benefits of employment based on Plaintiff's race causing damages to Plaintiff.

5.2 Defendants are liable for all resulting damages sustained by Plaintiff as allowed by law, including but not limited to, past and future wage loss, other economic damages, emotional distress and other non-economic damages, and punitive damages.

## VI. THIRD CAUSE OF ACTION
### Violation of 42 U.S.C. §1981

6.1 Defendants violated Plaintiff's rights under 42 U.S.C § 1981 by terminating his employment and refusing to provide equal benefits of employment based on Plaintiff's race causing damages to Plaintiff.

6.2 Defendants are liable for all resulting damages sustained by Plaintiff as allowed by law, including but not limited to, past and future wage loss, other economic damages, emotional distress and other non-economic damages, and punitive damages.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## VII. FOURTH CAUSE OF ACTION
### Wrongful Discharge in Violation of Public Policy

7.1     The Washington legislature and Washington courts have established a clear public policy in favor of prohibiting discrimination in employment on the basis of race and disability.  Defendant Franciscan Health System claims to "seek applicants who are able to perform the essential job functions according to the job description, with or without reasonable accommodation" and holds itself out as an "equal opportunity employer," asserting as follows on its website:

> **We do not discriminate**
> We do not discriminate against any person on the basis of race, color, religion, gender, sexual orientation, national origin, disability or age in admission to, treatment or participation in, our programs, services and activities.
>
> **Equal opportunity/affirmative action**
> As an equal opportunity employer, we embrace equal treatment and opportunity in every aspect of relations with our employees and job applicants without regard to race, color, religion, gender, sexual orientation, national origin, age, disability or veteran status.

7.2     Permitting Defendants' wrongful conduct would jeopardize the public policy described above and Defendants should be stopped from withdrawing their stated intent that they will not discriminate.

7.3     Plaintiff was wrongfully terminated by Defendants because of his race and/or his disability.

7.4     There is no overriding, legitimate justification for Plaintiff's dismissal.

7.5     Defendants' termination of Plaintiff was against public policy and caused damages to Plaintiff.

7.6     Defendants are liable for all damages sustained by Plaintiff as allowed by law, including but not limited to, past and future wage losses, other economic damages, emotional distress, and other non-economic damages.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

## VIII. FIFTH CAUSE OF ACTION
### Violation of Washington's Law Against Discrimination

8.1 Defendants violated Plaintiff's rights under Washington's Law Against Discrimination, RCW Chapter 49.60, by terminating his employment based on his disability, and failing to provide accommodation for his disability causing damages to Plaintiff.

8.2 Defendants further violated Plaintiff's rights under Washington's Law Against Discrimination, RCW Chapter 49.60, by treating him less favorably in the terms and conditions of his employment based upon his race and/or his disability causing damages to Plaintiff.

8.3 Defendant should be estopped from asserting that it is exempt under Washington's Law Against Discrimination, because Plaintiff relied on Defendant's promise of Equal Opportunity in Employment and compliance with Washington's Law Against Discrimination. To the extent that Defendant may be exempted under RCW 49.60.040(11), this exemption is unconstitutional

8.4 Defendants are liable for all damages sustained by Plaintiff as allowed by law, including but not limited to, past and future wage loss, other economic damages, emotional distress, and other non-economic damages.

## IX. SIXTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

9.1 Defendants as Plaintiff's employer, had a duty of care to not to permit or tolerate behavior that is injurious to its employees such as Plaintiff.

9.2 Defendants breached these and other duties to Plaintiff by wrongfully harassing and terminating Plaintiff.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

9.3     The breach of these duties was a proximate cause of severe emotional distress, anxiety, and mental anguish on the part of Plaintiff, which manifested itself through objective symptomatology and has been diagnosed and treated by Plaintiff's medical providers.

9.4     Defendants are liable for all damages proximately caused to Plaintiff as allowed by law, including but not limited to, past and future wage losses, other economic damages, emotional distress, and other non-economic damages.

## JURY DEMAND

Plaintiff has previously timely demanded a trial by jury in this matter on October 20, 2010. *Dkt. #8*

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court for the following relief:

1.     Judgment for economic and non-economic damages in an amount to be proven at trial.

2.     Judgment for exemplary and/or punitive damages to the extent authorized by law.

3.     Injunctive relief, including but not limited to reinstatement of employment, as provided by state and federal law.

4.     Prejudgment interest.

5.     Judgment for supplemental damages to offset tax impact of lump sum damages awarded as provided by *Blaney v. International Ass'n of Machinists & Aerospace Workers*, 151 Wn.2d 203, 87 P.3d 757 (2004).

6.     Reasonable attorney's fees and costs as authorized by law.

7.     For such other and further relief as the Court deems just and proper.

AMENDED COMPLAINT - 8 of 9
(11-05836 RBL)
[100035902.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

Dated this 6th day of April, 2012.

        GORDON THOMAS HONEYWELL LLP
        Co-Attorneys for Plaintiff

        By: /s/_____
           Stephanie Bloomfield, WSBA No. 24251
           SBloomfield@gth-law.com
           James W. Beck, WSBA No. 34208
           JBeck@gth-law.com

        DWAYNE L. CHRISTOPHER, PLLC
        4008 S. Pine Street
        Tacoma, WA  98409
        Co-Attorneys for Plaintiff

        By: /s/_____
           Dwayne L. Christopher, WSBA No. 28892
           Dwayne@dlclawgroup.com

AMENDED COMPLAINT - 9 of 9
(11-05836 RBL)
[100035902.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565